UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Carl A. Wescott

                                   Plaintiff,

v.                                                              Case No.: 1:23−cv−16709
                                                                  Honorable John Robert Blakey

First American Financial Corporation, et al.

                                   Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, January 22, 2024:

      MINUTE entry before the Honorable John Robert Blakey: The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while simultaneously preventing indigent litigants from filing frivolous, malicious, or repetitive lawsuits. Neitzke v. Williams, 490 U.S. 319, 324 (1989). Before authorizing a litigant to proceed in forma pauperis, the Court must make two determinations: first, the Court must determine that the litigant is unable to pay the $405 filing fee; and, second, the Court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(a), (e). The first determination is made through a review of the litigant's assets as stated in an affidavit submitted to the Court. The second is made by looking to the plaintiff's allegations. An action is frivolous if it is clear that the legal theory or the facts alleged are baseless or irrational. Neitzke, 490 U.S. at 324; Denton v. Hernandez, 504 U.S. 25, 31 (1992). Here, Plaintiff indicates that he previously earned $12,500 per month; although that was several years ago, the income level (more than 5 times the threshold) remains sufficiently high that the Court cannot find Plaintiff eligible for pauper status, especially because he lists no dependents and few debts and financial obligations. See [3]. Additionally, although Plaintiff concludes in his complaint that diversity jurisdiction exists, the facts alleged belie that conclusion because he also alleges that his damages consist of his lost capital, $22,780.68 + interest; such damages fall significantly short of the $75,000 threshold. The Court thus denies Plaintiff's IFP application [3] and dismisses Plaintiff's complaint [1]. If Plaintiff wishes to proceed with this case, he must pay the filing fee and file an amended complaint, the allegations of which demonstrate the existence of federal subject matter jurisdiction; he should also allege facts to support a finding that venue is proper in this District. See 28 U.S.C. § 1391(b) ("A civil action may be brought in−− (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."). If Plaintiff fails to comply by 2/29/24, the Court will dismiss this case. The Court denies without prejudice Plaintiff's motion for an order

for service of process [8]. Mailed notice(gel, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.